**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIA MEI CHEN, | No. 14-72838 |
| Petitioner, | |
| v. | Agency No. A088-276-541 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2016**

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Xia Mei Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the IJ's negative demeanor finding and on Chen's internally inconsistent testimony as to the circumstances of her release from detention. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *Huang v. Holder*, 744 F.3d 1149, 1153 (9th Cir. 2014) ("The need for deference [to agency credibility determinations] is particularly strong in the context of demeanor assessments."). Chen's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the BIA's determination that, even if Chen is Christian, she failed to establish a well-founded fear of future persecution in China. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present compelling evidence of a well-founded fear of future persecution).

Because Chen failed to establish eligibility for asylum, she necessarily failed to establish eligibility for withholding of removal. *See Huang*, 744 F.3d at 1156.

2

Finally, substantial evidence supports the agency's denial of CAT relief because Chen failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the Chinese government. *See id.* at 1156.

**PETITION FOR REVIEW DENIED.**